Exhibit 1

# Citation

PRIVATE PROCESS

### Case Number: 2018CI24030

ROCHELLE FLYNN VS SOUTH TEXAS CENTER FOR
PEDIATRIC CARE
(Note: Attached Document May Contain Additional
Litigants)

IN THE 224TH DISTRICT COURT

BEXAR COUNTY, TEXAS

#### CITATION

"THE STATE OF TEXAS"

Directed To    **SOUTH TEXAS CENTER FOR PEDIATRIC CARE**
               **BY SERVING ITS PRESIDENT DR DIANNA M BURNS-BANKS**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** was filed on the this the 26th day of October, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 26th day of October, 2021.

ALFONSO KENNARD, JR
ATTORNEY FOR PLAINTIFF
5120 Woodway Drive STE 10010
Houston TX 77056



Mary Angie Garcia
**Bexar County District Clerk**
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ Alexandra Johnson
Alexandra Johnson, Deputy

---

ROCHELLE FLYNN VS SOUTH TEXAS CENTER FOR PEDIATRIC
CARE

Case Number: 2018CI24030

224th District Court

#### Officer's Return

I received this CITATION on the ___ day of ___ 20___ at ___ o'clock ___ M and I executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE the date of delivery endorsed on it to the defendant ___ person on the ___ day of ___ 20___ at 12:30 o'clock ___ M at

Fees ___ Badge/PPS # 13895 ___ Date certification expires ___ 2/28/2021 ___ County, Texas

OR VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS ___

BY ___

NOTARY PUBLIC, STATE OF TEXAS

OR  My name is ___, my date of birth is ___, and my address is ___ County

I declare under penalty of perjury that the foregoing is true and correct. Executed in ___ County, State of Texas, on the ___ day of ___, A.D. ___.

Declarant

# Plaintiff's Original Petition

FILED
12/26/2018 9:53 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Victoria Angeles

CAUSE NO. _____ **2018CI24030**

| | | |
|---|---|---|
| ROCHELLE FLYNN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | 224th   JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| SOUTH TEXAS CENTER FOR PEDIATRIC CARE | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff ROCHELLE FLYNN(hereinafter "Plaintiff" or "FLYNN"), complaining of and about Defendant SOUTH TEXAS CENTER FOR PEDIATRIC CARE (hereinafter sometimes "the STCPC "), and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to the Texas Rules of Civil Procedure, Plaintiff hereby pleads that this case, and all discovery hereto related, is governed by Discovery Control Plan Level II.

### II.
### NATURE OF COMPLAINT

This cause of action is instituted under Sections 21.051, et seq., and under the common law, statutory law, and Constitution of the State of Texas for both legal and equitable relief.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction over this cause of action because the amount in controversy exceeds the minimum jurisdictional limits of the District Court of the State of Texas.

Venue properly lies in Bexar County, Texas, because many of the acts complained of

1

occurred in Bexar County, Texas.

All conditions, precedent to the filing of this complaint, have been met. A copy of the Notice Of Right to File A Civil Action from the Texas Workforce Commission, Civil Rights Division, dated October 5, 2018, is attached hereto as Exhibit "A" and is incorporated herein by reference as though fully set out verbatim.

IV.
## PARTIES

1.      Plaintiff, ROCHELLE FLYNN (hereinafter "FLYNN"), is a former employee of Defendant SOUTH TEXAS CENTER FOR PEDIATRIC CARE, and lives in San Antonio, Bexar County, Texas.

2.      At all relevant times, Defendant, SOUTH TEXAS CENTER FOR PEDIATRIC CARE is a "person" and "employer" within the meaning of Chap. 21, Tex. Labor Code Ann. §21.001 et seq. Defendant SOUTH TEXAS CENTER FOR PEDIATRIC CARE may be served by serving its President, Dr. Dianna M. Burns-Banks, South Texas Center for Pediatric Care, 13750 San Pedro Avenue, Suite 560, San Antonio, Texas 78232.

## A. CLAIMS UNDER SECTION 21.001 et. seq OF THE TEXAS LABOR CODE

3.      Plaintiff complains that Defendant SOUTH TEXAS CENTER FOR PEDIATRIC CARE violated her rights under Section 21.001 et.seq of the Texas Labor Code by discriminating against Plaintiff based upon her disability, Asperger's Syndrome.

Plaintiff began working for Defendant on or about November 8, 2015, pursuant to a Physician Employment Agreement. During the interview process, Dr. Flynn informed Dr. Burns-Banks that she [Dr. Flynn] had been previously diagnosed with Asperger's Syndrome, a condition on

2

the "high" end of the Autism Spectrum. Asperger's Syndrome involves the lack of understanding of social cues and "small" talk. Asperger's is normally diagnosed in children and young adults; however, when it is diagnosed in older adults, the symptoms may be more severe. Treatment for Asperger's primarily involves counseling and teaching the individual how to cope with various social cues and situations and is considered a disability under the Americans with Disabilities Act and the 2008 ADA Amendments.

In the November 2, 2015, offer letter to Dr. Flynn, Dr. Burns-Banks makes a reference to Dr. Flynn's "personal health challenges" presumably referring to Dr. Flynn's Asperger's Syndrome. However, after Dr. Flynn had been working for Defendant for several months, Dr. Burns-Banks made several comments to Dr. Flynn about her disability. Dr. Burns-Banks said, "Your contract says nothing about autism;" and "When you were hired, you said it was an asset, not a negative." In addition, when Dr. Flynn wanted to arrange a meeting with Dr. Burns-Banks to discuss her disability, Dr. Burns-Banks prohibited Dr. Nancy Ratliff, Dr. Flynn's treating psychologist, from attending a meeting on August 23, 2016, to help explain the diagnosis and some ways to help Dr. Flynn better perform her duties as a pediatric physician.

In an August 25, 2016, letter from Dr. Flynn to Dr. Burns-Banks, Dr. Flynn made several suggestions for potential reasonable accommodations, including, a modified work schedule; talking with another physician that she may be able to talk with when necessary to help reduce stress and keep lines of communication open; and third, the use of a software program ASUTYPE to make Dr. Flynn's charting more efficient. Dr. Flynn wanted to meet to discuss those potential accommodations, however, Dr. Burns-Banks refused to meet to discuss them.

From that point until Dr. Flynn's resignation effective February 10, 2017, Defendant harassed

and discriminated against Plaintiff by not scheduling Plaintiff for work; forcing Plaintiff to pay for a damaged laptop not covered in the Agreement, not reimbursing Plaintiff for continuing education fees and professional dues which are covered under the Agreement; and making accusations against Plaintiff concerning treatment of patients.   These actions are in retaliation for Plaintiff having requested reasonable accommodations and raising the issue of her rights as a qualified individual with a disability.

On or about November 2, 2016, in response to allegations of mistreatment of patients and the hostile work environment, Plaintiff's psychologist, Dr. Ratliff, and her psychiatrist, Dr. Hartt, completed the request for leave under the Family Medical Leave Act (FMLA) form and they faxed it to Mary Anne Clark, the office manager, the same day. Because it was in the afternoon, and Plaintiff was already severely stressed, and thought this would be sufficient to get her approval for the FMLA leave. However, on Thursday, November 3, 2016, Dr. Flynn still had to call Dr. Burns-Banks who berated Plaintiff for requesting the time off. On November 29, 2016, Dr. Burns-Banks gave Dr. Flynn a letter of reprimand for not following "policy for leave." The reprimand did not mention the leave was pursuant to the FMLA.

Following the reprimand and the other incidents as described, Dr. Flynn believed she had no choice but to resign and announced her resignation on December 17, 2016, with an effective date 90 days later.

Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission on February 8, 2017, alleging discrimination based on her disability and retaliation for requesting the reasonable accommodations.

As the final act of discrimination towards Plaintiff, Defendant terminated Dr. Flynn's

4

employment on February 10, 2017, rather than February 28, 2017, as per her contract; and on March 4, 2017, Dr. Flynn discovered that she was not paid through February 10, 2017, her last day on the job.  Dr. Flynn believes the above actions were in retaliation for having engaged in a protected activity, the filing of a Charge of Discrimination with the EEOC.

4.      Plaintiff believes that she was discriminated against because of her disability, and in retaliation for having engaged in a protected activity in violation of Section 21.001, et seq. of the Texas Labor Code, and in violation of the Family Medical Leave Act.

V.

Plaintiff alleges that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of Defendant's wrongful and discriminating treatment.

VI.

### CAUSES OF ACTION

In this petition, Plaintiff is not seeking any remedy under any federal statute.

#### Violation of §21.051, et seq. of the Texas Labor Code

#### DISABILITY DISCRIMINATION

5.      Plaintiff contends that the harassment and discriminatory treatment as described above were based on her disability, Asperger's Syndrome. Plaintiff falls within the protected class of being a qualified individual with a disability under Section 21.051 of the Texas Labor Code which provides as follows:

An employer commits an unlawful employment practice if because of race, color, disability, religion sex, national origin or age the employer:

5

(1)   fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or,

(2)   limits, segregates, or classifies, an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of any employee.

Therefore, the Defendant is liable for engaging in discriminatory employment practices. Having been discriminated against Plaintiff seeks redress under Section 21.001, et seq. of the Texas Labor Code for damages she has incurred.

### RETALIATION

6.    Pursuant to the Texas Labor Code, Section 21, an employer may not retaliate against an employee for complaining about an unlawful employment practice.  In this case, Plaintiff complained about her treatment based on her disability, the failure to accommodate and subsequent filing of a formal Charge with the EEOC.  Consequently, Plaintiff was constructively discharged from her position as a pediatric physician December 17, 2016, effective February 10, 2017.  Plaintiff complains that her opposition and complaints as indicated herein resulted in her constructive discharge.

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

7.    Plaintiff's rights were violated pursuant to 29 U.S.C. §2601, et seq., more commonly known as the Family and Medical Leave Act.  Plaintiff was reprimanded in violation of the Family and Medical Leave Act and seeks all rights and remedies available to her.  Plaintiff availed herself of protection under the FMLA; she was reprimanded for using the FMLA; and there is a causal

6

connection between her pursuit of her FMLA Rights and Defendant's decision to reprimand her. This retaliatory action was a cause of Plaintiff's constructive discharge. As a direct and proximate result of the Defendant's violation of the FMLA, Plaintiff has been damaged.

## VICARIOUS LIABILITY

8       Wherever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization and/or ratification of the Defendant and/or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees or representatives. Accordingly, Defendant is liable to Plaintiff under the doctrines of Respondeat superior, vicarious liability, and principal agent.

## VII.
## DAMAGES

Defendant's wrongful and discriminating acts and omissions were a proximate cause of serious damage and injury to Plaintiff. Plaintiff's damages include:

### LOST EARNINGS AND BENEFITS

9.       At the time of the incident complained of, Plaintiff was gainfully employed. As a result of Defendant's wrongful acts, Plaintiff lost wages and benefits in the past and lost wages and benefits in the future for which she now sues. Further Plaintiff seeks reinstatement to her position with Defendant.

### COMPENSATORY DAMAGES

10.       As a result of the incidents described above which form the basis of this suit, Plaintiff

suffered mental pain and anguish and in all probability, Plaintiff will continue to suffer such pain and anguish for a long time into the future, if not for the balance of her natural life. In addition, Plaintiff seeks damages for inconvenience, emotional pain and suffering, loss of enjoyment of life, and other non-pecuniary losses as may be determined by the trier of fact.

## VIII.
## ADMINISTRATIVE PROCEDURES

Prior to filing this suit, Plaintiff filed a complaint with the Texas Workforce Commission Civil Rights Division, and thereafter, Plaintiff received from the Texas Workforce Commission Civil Rights Division a "Notice of Right to File A Civil Action" dated October 5, 2018, and received on October 26, 2018, giving Plaintiff notice of her right to sue Defendant within 60 days of her receipt A copy of this document is attached hereto as Exhibit "A."

Having been discriminated against and wrongfully discharged, Plaintiff seeks redress under Section 21.001, et seq. of the Texas Labor Code for damages she has incurred.

## IX.
## REQUEST FOR DISCLOSURE

Within fifty (50) days of service of this Original Petition, Plaintiff requests Defendant to disclose the information and material described in Texas Rules of Civil Procedure 194.2 (a-l).

## X.
## PRAYER FOR RELIEF

Wherefore, Plaintiff ROCHELLE FLYNN respectfully requests that this Court:

(A)    judgment against Defendants for monetary relief over $200,000, but not more than $1,000,000, representing inconvenience, loss of enjoyment of life, other non-pecuniary losses and all other compensation due to Plaintiff that accrued at the time of the filing of this Petition, plus interest at the legal rate from the date each payment became due until the date of judgment;

(B)    pre- and post-judgment interest at the legal rate until paid;

(C)    costs of court; and

(D)    for such other and further relief to which Plaintiff may be justly entitled, either in law or equity.

Respectfully submitted,

LAW OFFICES OF NATHANIEL MACK III
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone:  (210) 333-6225
Telecopier:  (210) 855-3152

By:  /s/ Nathaniel Mack
        Nathaniel Mack
        State Bar No. 24078896
        Of Counsel

PITTARD LAW FIRM
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@pittardlegal.com
ATTORNEYS FOR PLAINTIFF


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

9

**EXHIBIT "A"**
**NOTICE OF RIGHT TO FILE A CIVIL ACTION**

# Texas Workforce Commission

A Member of Texas Workforce Solutions

Ruth R. Hughs, Chair
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing
Labor

Vacant
Commissioner Representing
the Public

Larry E. Temple
Executive Director

October 5, 2018

## NOTICE OF COMPLAINANT'S RIGHT TO FILE CIVIL ACTION

Rochelle R. Flynn
c/o Chris Pittard
Pittard Law Firm
1777 NE Loop 410, Ste. 600
San Antonio, TX 78217

Re:     *Rochelle R. Flynn v. South Texas Center for Pediatric Care*
        EEOC Complaint # 451-2017-00939

Dear Rochelle R. Flynn,

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig
Director, Civil Rights Division

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:
South Texas Center for Pediatric Care
c/o: Mary Ann Clark
Human Resources Director
13750 San Pedro Ave. #560
San Antonio, TX 78232

101 E. 15th Street, Guadalupe CRD • Austin, TX 78778-0001 • (512) 463-2692 (T) • (512) 485-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
**WORKFORCE SOLUTIONS**
• T W C •

Defendant's Answer

FILED
11/22/2021 3:16 PM   Case 5:21-cv-01177-JKP-RBF   Document 1-1   Filed 11/24/21   Page 17 of 24
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West
Bexar County - 224th District Court

## CAUSE NO. 2018CI24030

| | |
|---|---|
| ROCHELLE FLYNN, | §    IN THE DISTRICT COURT |
|        **Plaintiff** | § |
| | § |
| VS. | §    224TH JUDICIAL DISTRICT |
| | § |
| SOUTH TEXAS CENTER FOR | § |
| PEDIATRIC CARE, | § |
| | § |
|        **Defendant** | §    BEXAR COUNTY, TEXAS |

## DEFENDANT SOUTH TEXAS CENTER FOR PEDIATRIC CARE's ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

South Texas Center for Pediatric Care, Defendant in the above-entitled and numbered cause, files its Original Answer to Plaintiff's Original Petition, and states as follows:

Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial of Plaintiff's allegations and demands strict proof thereof.

### ADDITIONAL DEFENSES

Plaintiff's claims under both the Family and Medical Leave Act and the Texas Labor Code are barred by the applicable statutes of limitation.

Plaintiff has failed to exhaust administrative prerequisites necessary to the maintenance of this action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, South Texas Center for Pediatric Care, prays that Plaintiff take nothing by this suit, that Defendant recovers from Plaintiff its costs of court and attorney's fees for a suit that is frivolous, vexatious and

unreasonable, and that Defendant recovers any other or further relief, legal or equitable, to which it may show itself entitled.

Respectfully submitted,

*/s/ Robert A. Rapp*
**Robert A. Rapp**
State Bar No. 16550850
**The Rapp Law Firm**
12000 Huebner Rd., Suite 101
San Antonio, Texas 78230
(210) 224-4664 (Telephone)
(210) 224-4642 (Fax)
robert.rapp@sbcglobal.net

*Attorney for Defendant,*
*South Texas Center for Pediatric Care*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served in accordance with the Texas Rules of Civil Procedure to the following counsel on this the 22nd day of November, 2021.

**Alfonso Kennard, Jr.**
State Bar No. 24036888
**Kennard Law P.C.**
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
713-742-0591 (Fax)
Alfonso.Kennard@kennardlaw.com

**Nathaniel Mack**
State Bar No. 24078896
**Law Offices of Nathaniel Mack III**
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
(210) 333-6225 (Telephone)
(210) 855-3152 (Fax)
nmack@macktexaslaw.com

**Chris Pittard**
State Bar No. 00794465
**Pittard Law Firm**
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
(210) 678-3075 (Telephone)
(210) 820-2609 (Fax)
chrisp@pittardlegal.com

                                        */s/ Robert A. Rapp*
                                        **Robert A. Rapp**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Robert Rapp
Bar No. 16550850
robert.rapp@sbcglobal.net
Envelope ID: 59394633
Status as of 11/23/2021 3:43 PM CST

Associated Case Party: ROCHELLEFLYNN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kennard Filings | | filings@kennardlaw.com | 11/22/2021 3:16:19 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nathaniel Mack | | nmack@macktexaslaw.com | 11/22/2021 3:16:19 PM | SENT |

Exhibit 2

CAUSE NO. 2018-CI-24030

| | | |
|---|---|---|
| ROCHELLE FLYNN, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | 224TH JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| SOUTH TEXAS CENTER FOR | § | |
| PEDIATRIC CARE, | § | |
| | § | |
| **Defendant** | § | BEXAR COUNTY, TEXAS |

## NOTICE OF FILING OF REMOVAL
(Directed to State Court)

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that South Texas Center for Pediatric Care, filed, on this the 24th day of November, 2021, with the District Clerk of the United States District Court for the Western District of Texas, San Antonio Division, a Notice of Removal, a true and correct copy of which is attached hereto and served concurrently herewith. Accordingly, this action has been removed to the United States District Court for the Western District of Texas, San Antonio Division, as of this day. In accordance with 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

*/s/ Robert A. Rapp*
**Robert A. Rapp**
State Bar No. 16550850
**The Rapp Law Firm**
12000 Huebner Rd., Suite 101
San Antonio, Texas 78230
robert.rapp@sbcglobal.net

(210) 224-4664 (Telephone)
(210) 224-4642 (Fax)

*Attorney for Defendant South Texas Center*
*For Pediatric Care*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served in accordance with the Texas Rules of Civil Procedure to the following counsel on this the 24th day of November, 2021.

**Alfonso Kennard, Jr.**
State Bar No. 24036888
**Kennard Law P.C.**
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
713-742-0591 (Fax)
Alfonso.Kennard@kennardlaw.com

**Nathaniel Mack**
State Bar No. 24078896
**Law Offices of Nathaniel Mack III**
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
(210) 333-6225 (Telephone)
(210) 855-3152 (Fax)
nmack@macktexaslaw.com

*/s/ Robert A. Rapp*
**Robert A. Rapp**